# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHASIDY LEANNE GOSSETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15-CV-655-TCK-tlw ) |
| NANCY A. BERRYHILL,<br>Acting Commissioner of the<br>Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Before the Court are (1) Plaintiff's Application for Award of Attorney's Fees ("Fee Application") (Doc. 22) and (2) Plaintiff's Supplemental Application for Award of Attorney's Fees ("Supplemental Fee Application") (Doc. 25).

## I. Background

On April 12, 2017 the Court affirmed the Report and Recommendation of United States Magistrate Judge T. Lane Wilson (Doc. 19), which recommends that the Commissioner's decision denying benefits be reversed and remanded. (Doc. 20.) Plaintiff's Fee Application seeks an award of $5,918.40 for 30.7 hours of attorney time working on the case in federal court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Defendant"), filed a response objecting to the amount of the fees sought in Plaintiff's Fee Application. Defendant does not contest Plaintiff's entitlement to attorney fees under EAJA or the rate charged by Plaintiff's attorney (ranging from $190 to $195 per hour). Defendant only argues that the number of hours claimed in Plaintiff's Fee Application for various tasks is unreasonable. In particular, Defendant objects to Plaintiff's time claimed on (1) Plaintiff's opening brief, (2) Plaintiff's reply brief, and (3) various other tasks billed by Plaintiff's counsel at

between 0.2 and 0.5 hours each, and contends Plaintiff should recover fees for at most a total of 21.7 hours, or $4,208.40.

**II.     Analysis**

A party seeking an award of attorney fees under EAJA bears the burden of establishing the award sought is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee applicant must "document[] the appropriate hours expended and hourly rates" and should "exercise 'billing judgment' with respect to hours worked." *Id.* at 437. The court may reduce the fee award to hours that were reasonably expended, rather than hours actually worked. *Id.* at 433-34. Reasonable fees are those a reasonable attorney would have incurred and billed in the marketplace under similar circumstances. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

**A.     Opening Brief**

Plaintiff's Fee Application seeks an award of 13.9 hours for counsel's work on Plaintiff's opening brief. Defendant contends the brief contained only nine substantive pages and Plaintiff should recover for no more than nine hours. Defendant argues that Plaintiff's opening brief duplicates work performed on Plaintiff's earlier submission to the Appeals Council and suggests Plaintiff "in essence, edit[ed] her Appeals Council brief for the district court," which does not justify the request for 13.9 hours. (Def.'s Resp. Obj. to Fee App. 3.) Defendant contends the district court brief covers the same issues and in one instance contains identical material to part of the Appeals Council submission. In response, Plaintiff explains that the 13.9 hours includes time spent by Plaintiff's attorney personally reviewing the record in detail, rather than relying on the review performed by a legal assistant for the Appeals Council submission. Further, Plaintiff shows the identical portion consists of quotes from the medical record. The fact that the brief includes some of the same issues as the Appeals Council

brief is hardly surprising and does not itself suggest that Plaintiff's requested hours are unreasonable. *See Cameron v. Barnhart*, 47 Fed. Appx. 547, 551-52 (10th Cir. Sept. 17, 2002) (unpublished) (finding that "counsel's time spent researching and analyzing the issues presented in the opening brief was not merely duplication of the time counsel spent presenting petitioner's challenges to the Appeals Council" and was "well within the bounds of reasonable and necessary time spent on this activity"). Defendant has only pointed to one example of supposedly duplicative language, which Plaintiff reasonably explained. Plaintiff's counsel's time records and Plaintiff's explanation of the hours spent on the opening brief suggest they are reasonable.

Defendant cites *Farmer v. Astrue*, No. 09-2505-JWL, 2010 WL 4904801, at *2 (D. Kan. Nov. 24, 2010), for the proposition that 1.1 hours per page is an appropriate basis to award fees under EAJA (presumably, Defendant's position is that only substantive pages should count). The Court finds *Farmer* to be of limited relevance here. In *Farmer*, the court agreed with plaintiff that 1.1 hours per page was not an unreasonable time to spend writing a Social Security brief. However, the court found a 29-page statement of facts within a 45-page brief to be excessive and reduced counsel's time awarded for drafting the fact section. Defendant does not argue that Plaintiff's fact section or opening brief is excessively long, nor that any general rule exists limiting counsel's time on drafting to 1.1 hours per substantive page. *See Hamby v. Astrue*, No. 10-CV-158-SPS, 2011 WL 5040982, at *1 (E.D. Okla. Oct. 24, 2011) (declining to determine reasonableness based on "hours per page"). Therefore, the Court will not apply such a limit here.

**B.     Reply Brief**

Defendant contends the 7.5 hours sought by Plaintiff for preparation of Plaintiff's reply brief is unreasonable because the reply brief contains only three substantive pages and lacks legal citations

3

or argument. Defendant again relies on *Farmer* to suggest Plaintiff's requested hours are excessive in proportion to the number of pages in the reply brief. As noted above, *Farmer* does not establish a general hours-per-page rule and is not particularly apt here. Plaintiff argues in general terms that reducing a longer draft to three pages can be time-consuming. Plaintiff also indicates that the lack of legal citations was due to space limitations, not the absence of any legal research performed for the reply brief. Plaintiff's proffered explanation is reasonable and, upon the Court's review of her reply brief, the time sought is not excessive.

        **C.**        **Miscellaneous Tasks**

Defendant challenges counsel's time spent on various non-drafting tasks, including seven separate charges of 0.2 or 0.3 hours each for "R&R" (*i.e.*, "receiving and reviewing") various materials, including two attorney entries of appearance (0.2 hours each), a motion to substitute (0.2 hours), a minute order striking a document (0.2 hours), and the order granting substitution (0.2 hours). Plaintiff's counsel also seeks 0.3 hours for reviewing the Court's remand order and judgment, which consisted of only a few sentences. Plaintiff does not explain why receipt and review of these short entries justified billing 0.2 to 0.3 hours each and therefore has not met its burden to show the reasonableness of these hours. *See Peng See v. Colvin*, No. 1:09-CV-1751 GSA, 2014 WL 2442578, at *7 (E.D. Cal. May 30, 2014) (reducing hours for "check off tasks that should each take no more than a few seconds to accomplish"). The Court finds that counsel's receipt and review of each of these six items were not reasonably billed above 0.1 hours each. Accordingly, counsel's hours will be reduced by 0.7 hours. The Court finds Plaintiff's hours sought for other tasks challenged by Defendant are within reasonable bounds based on counsel's time records.

D.  **Supplemental Fee Application**

Plaintiff seeks an additional fee award of $819.00 for 4.2 hours spent responding to Defendant's objection to the original Fee Application (at $195.00 per hour).[1] An award of fees for a prevailing party's time spent litigating a fee petition does not require a separate finding of "substantial justification" under EAJA. *Comm'r, INS v. Jean*, 496 U.S. 154, 165-66 (1990) ("The purpose and legislative history of [EAJA] reinforce our conclusion that Congress intended EAJA to cover the cost of all phases of successful civil litigation addressed by the statute."). Plaintiff has submitted a list of time records itemizing counsel's work on Plaintiff's reply brief and Supplemental Fee Application. Plaintiff's supplemental fee request appears reasonable and will therefore be granted.

III. **Conclusion**

Plaintiff's Fee Application (Doc. 22) is GRANTED in part and DENIED in part as follows. Plaintiff is awarded fees for 30.0 hours of attorney time totaling $5,781.90 (representing a reduction of 0.7 hours at $195 per hour, or $136.50 from Plaintiff's request for $5,918.40). Plaintiff's Supplemental Fee Application (Doc. 25) is GRANTED and Plaintiff is awarded supplemental fees in the amount of $819.00.

**SO ORDERED this 29th day of June, 2017.**

*Terence Kern*
**TERENCE KERN**
**United States District Judge**

---

[1] Defendant has not filed a response to Plaintiff's Supplemental Fee Application.